**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 08-cv-01468-REB

FREDERICO ARMENTA,

    Applicant,

v.

MICHAEL ARELLANO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS**

**Blackburn, J.**

This matter is before me on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody** ("Application") [#1][1] filed on July 11, 2008, by Applicant Frederico Armenta. Respondents have filed an Answer to Application for Writ of Habeas Corpus ("Answer") [#15], and Applicant has filed a "Reply to Respondents['] Answer" ("Traverse") [#17]. After reviewing the pertinent portions of the record in this case including the Application, the Answer, the Traverse, and the state court record [#20], I conclude that the Application should be denied.

**I.  BACKGROUND**

Following a jury trial in the District Court in and for the City and County of Denver, Colorado, in case number 95CR3959, Applicant was convicted of second

---

[1] "[#1] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

degree kidnaping, second degree sexual assault, five counts of criminal impersonation, three counts of first degree criminal trespass, and a mandatory sentence count for unlawful sexual offenses.  Applicant was sentenced to a total term of ninety-seven years in prison, which included consecutive sentences in the aggravated range of forty-eight years for second degree kidnaping and sixteen years for second degree sexual assault.

On direct appeal, the Colorado Court of Appeals ("CCA") affirmed the judgment in part, vacated Applicant's sentences for second degree kidnaping and second degree sexual assault because the trial court mistakenly believed that mandatory aggravation of those sentences was required, and remanded for further proceedings.  *See People v. Armenta*, No. 96CA0900 (Colo. App. Nov. 13, 1998) (unpublished decision) ("*Armenta I*") [#1-2].  On April 17, 2000, the trial court resentenced Applicant and imposed the same sentences.

Applicant filed a second appeal and the CCA affirmed the judgment of conviction, but remanded with instructions to vacate the sentences for second degree kidnaping and second degree sexual assault and resentence Applicant on those counts because Applicant had been denied his right of allocution.  *See People v. Armenta*, No. 00CA1042 (Colo. App. May 30, 2002) (unpublished decision) ("*Armenta II*") [#1-3].  On August 18, 2003, the trial court resentenced Applicant and again imposed the same sentences.

On his third appeal, the CCA again vacated Applicant's sentences for second degree kidnaping and second degree sexual assault and remanded for resentencing because the trial court improperly relied on a mixture of extraordinary aggravating

circumstances, only some of which were permitted under the rules in ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), and ***Blakely v. Washington***, 542 U.S. 296 (2004). ***See People v. Armenta***, No. 03CA1898 (Colo. App. Mar. 31, 2005) (unpublished decision) ("***Armenta III***") [#1-4].  The People sought review in the Colorado Supreme Court, which vacated the CCA's decision in ***Armenta III*** [#1-5].  The CCA then affirmed the aggravated-range sentences for second degree kidnaping and second degree sexual assault. ***See People v. Armenta***, No. 03CA1898 (Colo. App. Nov. 24, 2006) (unpublished decision) ("***Armenta IV***") [#1-7].  On April 2, 2007, the Colorado Supreme Court denied Applicant's petition for writ of certiorari [#15-6].

Applicant asserts two claims for relief in the Application.  He claims first that his constitutional rights to due process and trial by jury were violated because he was sentenced in the aggravated range for second degree kidnaping and second degree sexual assault based on facts that he had not admitted and that were not found by a jury beyond a reasonable doubt in violation of ***Apprendi*** and ***Blakely***.  Applicant argues in his second claim, which appears to be a variation of the ***Apprendi/Blakely*** claim, that the trial court lacked jurisdiction to sentence him in the aggravated range for second degree kidnaping and second degree sexual assault and that the trial court abused its discretion by relying upon facts that were neither admitted by him nor found by a jury beyond a reasonable doubt.

Respondents concede that this action is timely and that Applicant's first claim, the ***Apprendi/Blakely*** claim, is exhausted.  Respondents concede that Applicant's second claim also is exhausted to the extent the second claim duplicates the

***Apprendi/Blakely*** claim. However, to the extent Applicant's second claim is not premised on ***Apprendi*** and ***Blakely***, Respondents argue that the second claim is unexhausted and procedurally barred, and also that the second claim does not raise a federal constitutional issue.

## II.  STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

I review claims of legal error and mixed questions of law and fact pursuant to 28 U.S.C. § 2254(d)(1). ***See Cook v. McKune***, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question I must answer under § 2254(d)(1) is whether Applicant seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. ***See Williams v. Taylor***, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." ***Id***. at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or

> similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of my inquiry pursuant to § 2254(d)(1). *See id*. at 1018. If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id*. at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

My inquiry pursuant to the "unreasonable application" clause is an objective

inquiry.  **See Williams**, 529 U.S. at 409-10.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather that application must also be unreasonable."  *Id*. at 411.  "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law."  **Maynard**, 468 F.3d at 671.  "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254."  *Id*.

I review claims asserting factual errors pursuant to 28 U.S.C. § 2254(d)(2).  **See Romano v. Gibson**, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002).  Section 2254(d)(2) allows me to grant a writ of habeas corpus only if the relevant state court decision was based on an unreasonable determination of the facts in light of the evidence presented to that court.  Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct and Applicant bears the burden of rebutting the presumption by clear and convincing evidence.  "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'"  **Miller-El v. Dretke**, 545 U.S. 231, 240 (2005) (quoting **Miller-El v. Cockrell**, 537 U.S. 322, 340 (2003)).

Finally, I "owe deference to the state court's *result*, even if its reasoning is not expressly stated."  **Aycox v. Lytle**, 196 F.3d 1174, 1177 (10th Cir. 1999).  Therefore, I "must uphold the state court's summary decision unless [my] independent review of the record and pertinent federal law persuades [me] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable

determination of the facts in light of the evidence presented." *Id*. at 1178.  "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id*.

If a claim was not adjudicated on the merits in state court, and if the claim also is not procedurally barred, I must review the claim *de novo* and the deferential standards of § 2254(d) do not apply.  **See Gipson v. Jordan**, 376 F.3d 1193, 1196 (10th Cir. 2004).

### III.  ANALYSIS

#### A.  Claim One

Applicant contends in his first claim that his constitutional rights to due process and trial by jury were violated because he was sentenced in the aggravated range for second degree kidnaping and second degree sexual assault based on facts that he had not admitted and that were not found by a jury beyond a reasonable doubt in violation of *Apprendi* and *Blakely*.  In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.  In *Blakely*, the Supreme Court clarified "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose **solely on the basis of the facts reflected in the jury verdict or admitted by the defendant**." *Blakely*, 542 U.S. at 303.

"Under the Colorado sentencing scheme, a trial court must impose a sentence within the applicable presumptive range for a felony offense unless it finds that

extraordinary mitigating or aggravating facts are present." **Allen v. Reed**, 427 F.3d 767, 772 (10th Cir. 2005).  Following **Blakely**, the presumptive sentencing range in Colorado is the statutory maximum that can be imposed unless the aggravating facts are **Blakely**-compliant or **Blakely**-exempt.  **See id**. at 774.  However, the existence of one **Blakely**-compliant or **Blakely**-exempt fact exposes a defendant in Colorado to a sentence in the aggravated range.  **See Lopez v. People**, 113 P.3d 713, 731 (Colo. 2005).  "The sentencing judge then has full discretion to sentence within this widened range according to traditional sentencing considerations."  **Id**.

Consistent with **Lopez**, the CCA rejected Petitioner's **Apprendi**/**Blakely** claim because one of the factors on which the trial court relied in imposing sentences in the aggravated range for second degree kidnaping and second degree sexual assault was Applicant's criminal history.

> In imposing sentence, the sentencing court relied on four extraordinary aggravating circumstances, including the fact that defendant had a prior felony conviction for sexual assault.
>
> A prior conviction of a defendant may constitutionally be considered as an aggravating factor in determining whether an aggravated range sentence is appropriate.  The presence of one constitutionally proper aggravating factor is sufficient to support an aggravated range sentence.  The existence of such a factor widens the sentencing range to include the aggravated range in § 18-1.3-401(6) and gives the sentencing court discretion to impose a sentence in the aggravated range according to traditional sentencing considerations.  Lopez v. People, supra; DeHerrera v. People, supra; People v. Mazzoni, ___ P.3d ___ (Colo. App. No. 04CA0581, Sept. 21, 2006).
>
> Here, the sentencing court found that defendant had a prior conviction for sexual assault and based its sentencing

> decision on that factor as well as other factors.  Thus, defendant's aggravated range sentence is "both constitutionally and statutorily sound even if the sentencing judge also considered factors that were not <u>Blakely</u>-compliant or <u>Blakely</u>-exempt."  <u>Lopez v. People</u>, <u>supra</u>, 113 P.3d at 731.

[#1-7 at pp.3-4.]

The determination by the trial court that Applicant had a prior felony conviction for sexual assault is a factual finding I must presume to be correct, and Applicant bears the burden of rebutting the presumption of correctness with clear and convincing evidence. **See** 28 U.S.C. § 2254(e)(1).  Applicant fails to present any evidence, let alone clear and convincing evidence, to rebut the presumption of correctness in this action.  Therefore, under Colorado law, the fact that Applicant had a prior conviction for sexual assault exposed him to a sentence in the aggravated range.  **See Lopez**, 113 P.3d at 731.  This result is consistent with the rules in **Apprendi** and **Blakely**, which do not apply to the fact of a prior conviction.  Furthermore, Applicant does not cite any clearly established federal law that prohibits the consideration of additional factors that are not either **Blakely**-compliant or **Blakely**-exempt once a defendant is exposed to an aggravated range sentence under state law.  As a result, the CCA's rejection of Applicant's **Apprendi/Blakely** claim is neither contrary to nor an unreasonable application of clearly established federal law and Applicant's first claim must be dismissed.

### B.  Claim Two

Applicant alleges in his second claim that the trial court lacked jurisdiction to sentence him in the aggravated range for second degree kidnaping and second degree sexual assault and that the trial court abused its discretion by relying upon facts that

were neither admitted by him nor found by a jury beyond a reasonable doubt.  As noted above, Applicant's second claim appears to be a variation of his ***Apprendi/Blakely*** claim and, in fact, Applicant specifically cites ***Apprendi*** and ***Blakely*** in his discussion of the second claim.  To the extent Applicant's second claim is premised on ***Apprendi*** and ***Blakely***, the claim lacks merit for the same reasons discussed above that support dismissal of Applicant's first claim.

To the extent Applicant's second claim is not premised on ***Apprendi*** and ***Blakely***, Applicant's argument that the trial court lacked jurisdiction and abused its discretion in imposing sentences in the aggravated range for second degree kidnaping and second degree sexual assault is premised on an asserted error of state law.  However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  ***Estelle v. McGuire***, 502 U.S. 62, 67-68 (1991).  Therefore, to the extent Applicant's second claim is not premised on ***Apprendi*** and ***Blakely***, I agree with Respondents that the second claim must be dismissed because that claim does not raise any cognizable federal constitutional issues.  I need not address Respondents' argument that Applicant's second claim is unexhausted and procedurally barred because I find that Applicant's second claim is not a federal constitutional claim.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody** [#1] filed on July 11, 2008, by Applicant Frederico Armenta is **DENIED**;

2.  That this case is **DISMISSED WITH PREJUDICE**; and

3.  That there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

Dated November 5, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge